IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CROP PRODUCTION SERVICES, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No.: CV-12-190 |

## OBJECTION TO THE MOTION TO INTERVENE

Plaintiff/Counter-Defendant, Central Associates, Inc. ("Central Assoc."), files this Objection to the Motion to Intervene filed by QBE Insurance Corporation ("QBE" or "proposed intervenor") in the above-styled civil action and, as grounds, shows the Court as follows:

## PROCEDURAL BACKGROUND

Central Associates filed suit against Crop Production Services, Inc., ("CPS"), for the value of change orders unpaid by CPS for change orders on a construction project. CPS denied the allegations by Central and filed several counterclaims including (1) declaratory judgment, (2) slander of title, (3) breach of contract, (4) breach of warranty, (5) negligence and (6) wantonness. Central Associates notified its insurance carrier, QBE of the CPS Counterclaims and QBE agreed to provide a defense to CPS subject to reservation of rights. QBE then filed a Motion to Intervene which is the subject of this Opposition. (Doc. 37). The Motion to Intervene seeks to allow QBE to participate in discovery and submit special interrogatories to the jury. (Doc. 37). Central Associates objects on the grounds that to allow the intervention by QBE will unduly delay or prejudice the adjudication of the original parties' rights.

**ARGUMENT**

I. **QBE's Intervention Is Untimely And Will Causes Undue Prejudice To The Parties**

QBE seeks permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) provides permission to intervene "on timely motion" when an applicant has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In addition to the timeliness and commonality requirements, F. R. Civ. P. 24(b)(3) goes on to caution that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Daniel A. Thomas v. John Henderson et al., 297 F. Supp. 2d 1311, 1326 (S.D. Ala. 2003). "A district court's discretion under Rule 24(b) is broad." Id. (citing, High Plains Co-op. Ass'n v. Mel Jarvis Const. Co., 137 F.R.D. 285, 287 (D. Neb. 1991). Additionally, "an insurer has no absolute right to intervene in an action against its insured." Emplrs Mut. Cas. Co. v. Holman Bldg. Co., L.L.C., 84 So. 3d 856, 861 (Ala. 2011) (citing, QBE Ins. Corp. v. Austin Co., 23 So.3d 1127, 1130 (Ala. 2009) (additional citations omitted)).

This litigation has been pending for eleven months. Initial disclosures, written discovery, and the planning of depositions have already begun. QBE has been aware of this litigation for at least five months. In Brown v. Bush the Eleventh Circuit stated the factors by which "timeliness" can be measured:

> "'Timeliness' is not precisely measurable, and courts should view it flexibly toward both the courts and the litigants in the interests of justice. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). In considering whether a motion is timely filed, this court considers: (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) the existence

of unusual circumstances militating either for or against a determination that its motion was timely."

Brown v. Bush, 194 Fed. Appx. 879, 882 (11th Cir. 2006). In this case, QBE has known of the existence of this litigation for some time. During that time the parties have undertaken substantial pre-trial discovery. To allow the intervention of the QBE into the discovery process at this point would require a basic resetting of the discovery schedule and cause both CPS and Central Associates significantly more effort and expense to essentially cover the same ground for QBE's benefit.

The extent of prejudice to QBE however is minimal if the intervention is denied. QBE has suggested that "the alternative to intervention would be a separate declaratory judgment action" and that "[i]intervention would reduce the possibility that such a separate action would be necessary". (Doc. 37). However, this Court has stated "that insurance coverage or Policy interpretation issues will not be litigated" in the underlying case, and will be reserved for a separate declaratory judgment action. (Doc. 37, ¶ 7; Thomas, 297 F. Supp. 2d at 1327; see also, State Farm Fire & Cas. Co. v. Johnson, 2012 U.S. Dist. LEXIS 181525 at 16 ("there is no indication that the coverage issues will be fully resolved in the underlying . . . suit")). As such, while QBE may assert that the intervention will promote judicial economy, the actual effect will be to delay the instant litigation, thereby prejudicing the parties already involved, with the requirement that a second action will still be necessary to determine coverage issues.

This Court has recognized the "possibility of prejudice or delay if [the insurer] is permitted to intervene, given the potential that a conflict might emerge between insurer and insured, that the insured's counsel may be placed in an untenable position, or that these proceedings may otherwise be disrupted." Thomas, 297 F. Supp. 2d at 1327. QBE has provided

Central Assoc. with defense counsel. By permitting QBE to intervene, Defense Counsel may be placed in an untenable position between QBE and their client, Central Assoc.

Central Assoc. will also be caused prejudice in the prosecution of the underlying case. It is in the best interest of QBE to find a means by which to avoid coverage under the Policy. To prosecute that action, QBE will necessarily be in an adversarial position to the counsel employed by QBE to defend Central Assoc. and Central Assoc. Plaintiff's counsel. Permitting QBE to attempt to avoid coverage by prosecuting a quasi-declaratory judgment action, in the same action in which their insured is asserting claims against the defendant, will compromise the interest of the insured, create additional expense to the parties, confuse the issues, cause delay and would ultimately undermine the effective management of this case. This is precisely the type of unmanageable situation courts have the authority to prevent through the discretion afforded in Rule 24(b).

## CONCLUSION

For the foregoing reasons, Central Associates, Inc. respectfully requests that QBE Insurance Corporation's Motion to Intervene be denied.

Respectfully submitted,

/s/ E. J. Saad
E. J. Saad - Saade8614
s/ Matthew Andrews
Matthew Andrews - Andrm1672
/s/ Adam Jarvis
Adam Jarvis – Jarva6255
Attorneys for Plaintiff

OF COUNSEL:

E. J. SAAD LAW FIRM
6207 Cottage Hill Road, Suite G
Mobile, Alabama 36609
Telephone Number: 251-660-0888
Telecopier Number: 251-660-0777
ejsaad@ejsaadlaw.com
mandrews@ejsaadlaw.com
ajarvis@ejsaadlaw.com

## CERTIFICATE OF SERVICE

I certify that on this 7th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court which will send notification of such filing to:

J. Walton Jackson, Esq.
D. Trice Stabler, Esq.
MAYNARD, COOPER & GALE, PC
11 North Water Street
RSA Battlehouse Tower, Suite 27000
Mobile, Alabama 36602

John W. McClurkin
GALLOWAY, JOHNSON, THOMPKINS, BURR & SMITH
106 St. Francis Street
Suite 502
Mobile, Alabama 36602

                s/Matt Andrews
                Matt Andrews