IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CENTRAL ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-00190-KD-M |
| | ) | |
| **CROP PRODUCTION SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Motion to Intervene filed by QBE Insurance Corporation pursuant to Rule 24(b) of the Federal Rules of Civil Procedure (doc. 37), the objection filed by Central Associates, Inc. (doc. 44), the objection filed by Crop Production Services, Inc. (doc. 45), and QBE's reply.  Upon consideration, and for the reasons set forth herein, the motion is **GRANTED in part**.

Background

Central Associates, Inc. (CAI) and Crop Production Services, Inc., (CPS) entered into a contract whereby CAI would construct a fertilize warehouse building for CPS on real property located in Baldwin County, Alabama.  In addition to the work performed according to the contract, CAI performed additional work pursuant to change orders.  CAI demanded payment for the balance due on the contract and the change orders but CPS refused to pay (doc. 42, first amended complaint; doc. 45).[1]

---

[1] CAI was ordered to amend its complaint to properly allege the state of incorporation and the principal place of business of the plaintiff and defendant (doc. 39, order).  Thus, CAI amended only those allegations. (Compare Doc. 1, complaint, with Doc. 42, first amended complaint).

CAI brings Count One for breach of contract and violation of the Alabama Prompt Pay Act, Ala. Code § 8-29-1; Count Two for damages for breach of contract and violation of the Act; Count Three for "work and labor done and goods supplied" and violation of the Act; and Count Four for "open account" and violations of the Act (doc. 42).  CAI demands judgment in the amount of $98,979.00 plus compensatory damages, interest, attorney's fees and costs. (*Id*). CPS answered and brought a six-count counterclaim: Count One, for declaratory judgment as to the validity of Central's materialman's lien; in Count Two for slander of title; Count Three for breach of contract; Count Four for breach of warranty; Count Five for negligence; and Count Six for wantonness (doc. 40, amended counterclaim). CPS seeks compensatory and punitive damages, interest, costs, attorney's fees, and litigation expenses.

QBE issued a Commercial General Liability policy to CAI and is now defending CAI under a reservation of rights (doc. 37).  QBE moves pursuant to Rule 24(b) of the Federal Rules of Civil Procedure for permission to intervene for the purpose of submitting special verdict forms and interrogatories to the jury as provided in Rule 49 of the Federal Rules of Civil Procedure and for participating in discovery if necessary (*Id*.).[2]  CAI and CPS oppose the motion.

Statement of the law

Rule 24(b) states, in relevant part, states as follows:

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:
. . .

      (B) has a claim or defense that shares with the main action a
      common question of law or fact.  . . .

---

[2] Rule 49(a) provides for the submission of a special verdict whereby the jury may return a written finding on each issue of fact or a general verdict with written questions to be answered in writing by the jury. Fed. R. Civ. P. 49(a).

> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Generally, two elements must be addressed: Whether "(1) the application to intervene was timely; and (2) [whether] the intervenor's claim or defense and the main action have a question of law or fact in common." *Purcell v. BankAtlantic Financial Corp.*, 85 F. 3d 1508, 1513 (11th Cir. 1996) (bracketed text added). When deciding whether a motion to intervene is timely, the Eleventh Circuit has explained that the court should consider the following factors:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002).[3]

Leave to intervene may be denied where allowing intervention will prejudice the rights of the original parties. *See Purcell,* 85 F.3d 1508 (denying intervention where intervenor moved to intervene to prevent a vacatur in an attempt to preserve the collateral estoppel effect of the order); *see also Georgia v. U.S. Army Corps of Engineers*, 302 F. 3d 1242, 1255 (11th Cir. 2002) (finding that the state of Florida had proven that the disposition of the action may "impair or impede its ability to protect its interest in the water of the ACF Basin" and thus the requirements of Rule 24(a)(2) were met).

Analysis

QBE argues that the policy issued to CAI may or may not afford coverage for liability

---

[3] This analysis applies whether the movant seeks leave to intervene as of right or for permissive intervention." *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

and damages on CPS's counterclaim and seeks leave to intervene for the purpose of participating in discovery and submitting a special verdict form and interrogatories to the jury.  QBE argues that there are common questions of law and fact because the questions of fact as to liability are related to questions of fact as to coverage.  QBE also argues that limited intervention would not complicate the issues, confuse the jury, or result in any conflict of interest, but instead would promote the interests of justice and judicial economy because QBE and CAI could resolve their coverage issues and their respective rights and obligations without the risk of inconsistent verdicts or factual findings that may occur if QBE must file a declaratory judgment action.

   The Court may permit QBE to intervene if the motion is timely and there are claims or defenses that share common questions of law or fact with the main action. Fed. R. Civ. P. 24(b). The Court must also determine whether allowing QBE to intervene would "unduly delay or prejudice the adjudication" of CAI and CPS's rights.  CAI and CPS point out that the action has been pending for more than eleven months, the counterclaim against CAI has been pending for approximately nine months, and that QBE knew of the litigation for at least five months before it moved to intervene.  However, "absolute measures of untimeliness, such as how far the litigation has progressed when intervention is sought and the amount of time that may have elapsed since the institution of the action are not to be relied upon[,]" *Meek v. Metropolitan Dade County,* 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds, Dillard v. Chilton County Commission,* 495 F.3d 1324 (11th Cir. 2007) (internal quotes omitted), the Court finds that QBE's waiting five months to file the motion to intervene does not unduly prejudice the rights of the original parties, at least to the extent that QBE's intervention is limited as described below. To the extent that QBE seeks to participate in discovery and attempts to have the jury determine whether certain claims are covered claims, the Court finds that undue prejudice and delay would

result.  The Court will not allow for essentially a declaratory action to become part of this litigation.

Accordingly, QBE may intervene but only for the limited purpose of submitting a proposed special verdict form or special interrogatories to the Court for consideration.  The proposed interrogatories should be limited to determining which specific claims, if any, the jury found for CPS, and the division of damages amongst the claims.  *See Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1327 (S.D. Ala. 2003) (allowing conditional intervention) (citiation omitted).  To be clear, QBE may not interfere with CAI's defense against CPS's claims; attempt to litigate issues of insurance coverage or policy interpretation; or participate in discovery, jury selection or trial. *Id.*  To that end, QBE shall attend the final pretrial conference for the limited purpose of participating in any schedule for submitting proposed special interrogatories or a special verdict form to the Court for consideration.  QBE shall also attend any charge conference for the limited purpose of providing its position as to the appropriateness of its submissions.

Conclusion

For the reasons set forth herein, QBE's motion to intervene is **GRANTED, in part,** as described above.

**DONE** and **ORDERED** this the 2nd day of April, 2013.

       s/ Kristi K. DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**